WILLIAM H. ROBINSON v. MAYOR and COUNCIL of Wilmington.

*Competency of Juryman — Municipal Corporation — Care of Streets—Damages—Evidence.*

In a suit against a municipal corporation a resident tax-payer of said corporation is incompetent to sit as a juryman, he being interested in the suit.

A person passing down the street of a city on a dark night has the right to assume that the street is in a reasonably safe and passable condition, and he cannot be charged with contributory negligence for stepping into a hole in the pavement in the street, it being unseen by him.

It is the duty of the city of Wilmington to keep its streets in a safe and passable condition and if by reason of negligence on its part a foot traveller steps into a hole in the sidewalk, it will be liable for damages for injuries thus sustained.

A hole left in the pavement of a street for as much as two months is of itself evidence of negligence on the part of the city.

(*New Castle, February, 1889.*)

ACTION ON THE CASE for damages for personal injuries sustained from falling into a hole in the pavement on French street.

When the third juror, George Abele, was called, Mr. Bird objected on the ground that Abele was a citizen of Wilmington, and as such incompetent to sit on the jury as he was, being a taxpayer interested in the suit. Mr. Lore argued on the other side of the question. THE COURT sustained the objection. Councilman Baugh was rejected on the same ground. William Ward was acceptable to both parties, but being a resident of Maryland he declined to serve.

Robinson is the engineer at J. H. Beggs & Company's brickyard, and wants to recover $15,000 damages. He claims that on the evening of April 10, 1888, while walking on French street between Eleventh and Twelfth, he stepped into a large hole on the sidewalk and fell, sustaining a serious rupture.

William H. Robinson, the plaintiff, was put on the stand. He said that he was on his way home from church about 10 o'clock on the night of April 10, 1888, and while walking on French street on the west side between Eleventh and Twelfth he fell into the hole

and sustained a serious rupture. There was no lantern or any sign of warning over the hole. There were many other witnesses in support of the contention.

*Levi C. Bird* and *Andrew E. Sanborn,* for plaintiff:

The Law of Delaware chartering the City of Wilmington expressly gives the city the control of the streets and imposes upon it the duty of repairing the streets.

*Vol.* 17, *Laws of Del.* Page 435, Sec. 31.

Street and Sewer Commission Act, *Laws of Del.* Page 352, Vol. 18.

Sidewalks of the city to be kept clear for the safe and convenient passage of persons walking.

City Ordinances 470.

The acceptance by a Municipal corporation from the State of the grant of the franchises embraced in its charter, which charter commits to it, the reparation of the highways within its limits raises an implied contract on the part of the Municipal corporation to keep such highways in a state of reasonable repair for the benefit of the public. Any person injured by its negligence in non-repairing same may maintain an action on the case for damages therefor.

*Gordon v. City of Richmond,* 2 S. E. Rep., 727; *West v. Village Brockport,* 16 N. Y., 161; S. C., 2 *Thomp. Neg.,* 678, 691; 2 *Thompson on Negligence,* 753, and cases in note 2; 1 *Sher. & Red. Negligence,* Sec. 289, Page 503; *Barnes v. District Columbia,* 91 U. S., 540; See note 1 and Note 2, *Sher. & Red. Negligence,* Sec. 289, Page 503; *City Chicago v. Dalle,* 5 N. E. Rep., 579; *Glantz v. City South Bend,* 6 N. E. Rep., 632; *City Boulder v. Niles,* 12 Pacific Rep., 633; *Mersey Docks, Co. v. Gibbs,* 1 H. Ld. Cas. N. S., 93; *Canal Co. v. Parnavly,* 11 Nd.—Ell., 223; *Scott v. Mayor &c.,* 37 Eng. Law of Eg., 465; *Fortin v. Inhab. Easthampton,* 13 N. E. Rep., 599.

Notice to the city may be expressed or implied. Notice will

be implied if the defect in the street had existed for a considerable length of time prior to the injury.

2 *Thompson Neg.*, 762, 763 ; 2 *Sherman & Red. Neg.*, Sec. 369 and cases in note 3 ; *Whittaker Smith's Neg.*, 257 ; *City Chicago v. Dalle*, 5 N. E. Rep., 578 ; *City Springfield v. Doyle*, 76 Ill., 202 ; *Pomfrey v. Saratoga Springs*, 11 N. E. Rep., 43, 44, 47 ; *Sullivan v. City Oshkosh*, 13 N. W., 468 ; *Kuntz v. City Troy*, 10 N. E. 443 ; *S. C.*, 104 N. Y., 344 ; *Fortin v. Inhabitants of Easthampton*, 13 N. E. Rep., 599, 601, 602 ; *Smith v. N. Y. City*, 49 N. Y. Sup. Ct., 126 ; *Colby v. Inhib. Westbrook*, 57 Me., 181, 183.

Whether a corporation had notice or was negligently ignorant, is a question for a jury.

*Pomfrey v. Saratoga Springs*, 11 N. E. Rep., 43 ; *S. C.*, 104 N. Y., 459.

Upon the circumstances of each case it is for the jury to determine whether the continuance of a defect has amounted to notice of its existence.

2 *Sher. &. Red. Neg.*, 81, latter part of Sec., 379 ; *Colby v. Westbrook*, 57 Me., 181 ; *Sheel v. Appleton*, 49 Wise, 125 ; *City Boulder v. Niles*, 12 Pac., 632 ; *Noyes v. Inhab. Gardner*, Lawyers Repts. Annotated, page 354.

The fact that plaintiff may have had an affection of the bladder by which a rupture would be more likely to happen to him, than if he had been entirely sound (even if true) does not in any way relieve the defendant from liability if the rupture was in fact caused by the negligence of the defendant.

*Baltimore City Pass. Ry. Co. v. Kemp and Wife*, 61 Md., 75, 80, 81, 82 ; Same case on re-argument, 61 Md., 619 ; *Stewart v. City Ripon*, 38 Wisc., 584 ; *Louisville &c., R. R. v. Jones* 34 A. & E., 417, 418, 420, 421 ; *Owens et. al. v. Kansas City R. R. Co.*, 33 A. & E. 524, 539, 527, 530.

In *Allison v. C. & N. W. R. R. Co.*, 42 Iowa 274, plaintiff was injured through the defendant's negligence, at the time he was

recovering from a previous injury. It was held that although he would not have been injured if he had been in good health, he could recover for the injuries received.

To the same effect:—

*Brown v. Hannibal & St. J. R. R. Co.*, 66 Mo., 588; *Elin v. Luyster*, 60 N. Y., 252; *Heirn v. McCangham*, 32 Mass., 17; *McAllister v. State*, 17 Ala., 434; *Commonwealth v., Fox*, 7 Gray, 585; *Mobile & Ohio R. R. v. Arthur*, 43 Miss., 180; *Jewell v. Railway*, 55 N. H., 84; *East Line &c., R. R. v. Rushing*, 34 A. & E. R. R. Cas., 367; *Louisville &c., R. R. v. Falvey*, 3 N. E. Rep., 390, 399, 400.

It is proper to exhibit injuries to the jury, if desired. See authorities in Note 33 A. & E., 532.

Plaintiff is entitled to receive as damages *one compensation* for all injuries past and prospective in consequence of the defendant's negligent acts. They are understood to embrace indemnity for actual nursing and medical expenses and loss of time or loss from inability to perform ordinary labor or capacity to earn money. Also a reasonable satisfaction for loss of both bodily and mental powers, or actual suffering both of body and mind, which are the immediate and necessary consequences of the injury.

*Jones v. Belt*, Charge of Chief Justice Comegys; *Holyoke v. Grand Trunk R. R. Ca.*, 48 N. H., 541; *S. C. Sedwick*, L. cases &c., 703, 707, 708; *Curtis v. City Rochester & Saracuse*, 18 N. Y., 534; 2 *Sedg.*, Measure Damage, 543; 2 *Woods &c., Ry.*, Law 1238–1239; *Penna. & Ohio Canal Co. v. Graham*, 63 Pa., 290, 299; *Smith v. Holcomb*, 99 Mass., 552; *Holyoke v. Grand Trunk R. R.*, 48 N. H., 541; *Stockton v. Frey*, 4 Gill (Md., 406; *Mattison v. N. Y. Cent. R. R.*, 62 Barb., 364, 379; *Smith v. Averly*, 30 Ga., 241; *Cunning v. Inhab. Williamstown*, 1 Cush., 451; *Seger v. Barkhamstead*, 22 Conn., 290; *Phillips v. South W. Ry. Co.*, L. R., 4 Q. B. Div., 406.

The violation of a City Ordinance is prima facia evidence of negligence.

*Giles v. Diamond State Iron Co.*, 7 Houston, 453.

If damages are caused by the concurring force of the defendant's negligence and some other cause for which he is not responsible including the act of God, or Superior human force directly intervening, the defendant is nevertheless responsible, if his negligence is one of the proximate causes of the injury.

2 *Sherman & Red. Neg.*, Vol. 1, Sec. 39, 43; *Holliday v. Rennard*, 12 Wall, 354 and cases in Note (2) Vol. 1, Sec. 39 *Sher. & Red. Neg.*

What was or was not the proximate cause of the injury is a question for the jury.

*Milwaukee &c. R. R. Co. v. Kellog*, 94 U. S., 469, 474.

*Gilman v. Noyes*, 47 N. H., 627. Plaintiff's sheep (in this case) escaped from his pasture through the negligence of defendant in letting down the bars of a fence. The sheep were killed by bears. Held that it was a question for a jury whether the defendant's negligence was the proximate cause.

*Penn. R. R. v. Hope*, 80 Pa. St., 373; *Lake v. Milliken*, 62 Me., 240.

When the injury is of a permanent character, the jury can take into consideration future damages.

*Kendall v. City of Albia*, 34 N. W., 834, 836, 838.

Severs J. States :—

That if the plaintiff by reason of said accident suffered bodily pain and mental anguish to the present, and will so suffer in the future, then for such pain and anguish past, present and future, you should allow him such sum as you think proper under the evidence without proof of any special sum, 34 N. W. Rep., 838.

2 *Sher. & Red. Neg.*, Sec., 473; *Fuller v. New York Canal R. R.*, 49 N. Y., 42, 44, 45; *Toledo &c. R. R. v. Boddely*, 54 Ill., 19 and cases in note page 544 Sedg. Meas. Damages; *Railroad Co. v. Brown*, 5 Wall., 105, 90.

It is correct to reduce prospective damages to their present

worth, or to such a sum as being put at interest would amount to the sum they found the plaintiff would lose by the injuries.

*Fulsome v. Concone,* 46 Vt., 135; 2 *Sedg. Meas. Damages,* 544 note.

*Henry C. Turner* and *Charles B. Lore,* for defendant:

COMEGYS, C. J., charged the jury : That the night was a dark one and it was raining or drizzling as the witness stated. If the witness was walking along the street at the time with ordinary and reasonable care and caution and stepped into the hole he was not chargeable with contributory negligence, and as it was the duty of the city to keep the street in a safe and passable condition, if they were satisfied from the evidence that the hole was left in the pavement of the street for as much as two months there could be no doubt that the city was guilty of negligence, and the plaintiff would be entitled to recover in the action. Then he proceeded to instruct them as to the damages. It was not the duty of the plaintiff to be searching for obstruction or holes in the street as he was walking along it, but had a right to assume that the street was in a reasonably safe and passable condition.

Verdict for the plaintiff.